NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0054n.06
Filed: January 23, 2009

Case No. 08-1197

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| RICARDO CORNEJO, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

BEFORE: KENNEDY and BATCHELDER, Circuit Judges; THAPAR[*], District Judge.

 ALICE M. BATCHELDER, Circuit Judge. Defendant Ricardo Cornejo pleaded guilty, without the benefit of a plea agreement, to one count of conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1). Cornejo now appeals his sentence, arguing that the district court erred by finding that he obstructed justice under U.S.S.G. § 3C1.1, and by refusing to grant him a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. We affirm.

BACKGROUND

 After investigating Cornejo for a period of time, law enforcement authorities intercepted a shipment of drugs that included over 1600 pounds of marijuana; Cornejo and three co-defendants

_____

 [*]The Honorable Amul R. Thapar, United States District Judge for the Eastern District of Kentucky, sitting by designation.

were arrested, and Cornejo eventually pleaded guilty to conspiracy to distribute marijuana. At least two of Cornejo's co-defendants admitted that the conspiracy consisted of three shipments, and indicated that Cornejo was involved in all three. Cornejo, however, never acknowledged being involved with three shipments: at his plea hearing, he attempted to limit his involvement in the conspiracy, and during his presentence interview he admitted only that he had been involved with one shipment, and denied involvement with the other two.

At sentencing, the government argued that Cornejo should receive an enhancement under U.S.S.G. § 3C1.1 for obstructing justice, and that he should not be entitled to any reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility. In support of its obstruction-of-justice argument, the government presented the testimony of Cornejo's co-defendant, Ruben Reyna, and Reyna's girlfriend, Yesenia Pena. Both testified that after Cornejo was arrested for the drug charges and released on bond, he made threats against the two of them, apparently in an attempt to influence Reyna's testimony. Pena testified that Cornejo told her to tell Reyna to "stick to the story," and that "if something were to happen [Cornejo] was going to . . . send some people . . . [to] pick up [Pena] and [Reyna's] father." She also testified that Cornejo referred to Reyna as a "snitch" on a separate occasion. Reyna testified that Cornejo told him that he knew the addresses of Reyna's relatives and that Reyna's "family was going to be hurt" should he cooperate with the government. The district court found Pena a credible witness, and, while specifically acknowledging that Reyna's long criminal history might, under other circumstances, undermine his credibility, the court nonetheless credited the testimony of both witnesses, finding that Reyna's testimony corroborated the story told by Pena. The district court found that Cornejo had obstructed justice under § 3C1.1.

In support of its acceptance-of-responsibility argument, the government pointed out that,

2

under Application Note 4 to § 3E1.1, it was only in "extraordinary cases" that a defendant who obstructed justice could also be found to have accepted responsibility, and further, that Cornejo had not "clearly" accepted responsibility because he consistently denied his involvement in activity that amounted to relevant conduct and never admitted to the full extent of his involvement in the conspiracy. The district court once again agreed with the government and refused to grant Cornejo any reduction for acceptance of responsibility.

## ANALYSIS

**A.      Obstruction of Justice.**

In reviewing a district court's application of the obstruction enhancement under U.S.S.G. § 3C1.1, we review the district court's factual determinations for clear error; we review de novo its determination that specific conduct constituted obstruction of justice. *United States v. Camejo*, 333 F.3d 669, 674-75 (6th Cir. 2003). The Sentencing Guidelines provide:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

U.S.S.G. § 3C1.1.

The district court did not err by accepting the testimony of Reyna and Pena; neither is its finding clearly erroneous that this testimony established that Cornejo did, in fact, make threats for the purpose of influencing Reyna's testimony. Pena, a witness the district court found to be credible, corroborated the testimony of Reyna. And clearly the district court was correct that such conduct constitutes obstruction of justice under § 3C1.1. Attempts to obstruct evidence need not be backed

3

by actual physical violence, nor do they even need to be detailed with much specificity. *United States v. Bingham*, 81 F.3d 617, 632 (6th Cir. 1996). Accordingly, the district court did not err in finding that Cornejo obstructed justice.

**B.      Acceptance of Responsibility.**

"We review the determination of whether a defendant has accepted responsibility [under U.S.S.G. § 3E1.1] for clear error." *United States v. Paulette*, 457 F.3d 601, 608 (6th Cir. 2006). Section 3E1.1 provides that the offense level shall be decreased by two levels if a "defendant clearly demonstrates acceptance of responsibility for his offense." The defendant bears the burden of showing that he has accepted responsibility. *Paulette*, 457 F.3d at 608. Application Note 4 to § 3E1.1 provides that "[c]onduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply."

As the district court correctly recognized, Application Note 4 to § 3E1.1 makes clear that Cornejo's burden of demonstrating acceptance of responsibility was especially difficult to meet in light of the court's finding that he had obstructed justice. And the district court did not err in concluding that Cornejo did not satisfy that burden. Cornejo never expressly acknowledged the full extent of his involvement in the conspiracy, and he provided nothing to demonstrate his acceptance of responsibility except the facts that he eventually pleaded guilty and did not object to the use of relevant conduct at sentencing. The district court found this was not one of these "extraordinary cases" which both §§ 3C1.1 and 3E1.1 may be applied. We agree. We find no error here.

**CONCLUSION**

4

For the foregoing reasons, we **AFFIRM**.